UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY FRITHIOF SUNDBERG,<br><br>Petitioner,<br><br>v.<br><br>PATTON STATE HOSPITAL, et al.,<br><br>Respondents. | Case No.: 3:22-cv-1897-CAB-BLM<br><br>**ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner, a proceeding pro se and currently in the custody of Patton State Hospital,[1] has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. ECF Nos. 1 & 2.

**REQUEST TO PROCEED IN FORMA PAUPERIS**

According to Petitioner's trust account statement, he has insufficient on account at the California institution in which he is presently confined to pay the $5.00 filing fee. *See* ECF No. 2 at 4. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis and allows Petitioner to prosecute the above-referenced action without being

---

[1] Based on a previous petition filed by Petitioner, it appears Petitioner was found "not guilty by reason of insanity" in criminal proceedings which took place in San Diego Superior Court in 1999 and has been confined to Patton State Hospital since then. *See* ECF No. 1 at 2; *see also Sundberg v Oreol*, Civ. Case No. 3:16-cv-3127-WQH-AGS (S.D. Cal.), ECF No. 1.

1

required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO STATE A COGNIZABLE CLAIM

The Petition, however, must be dismissed because Petitioner has failed to allege that his state court conviction or continued detention violates the Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner has not alleged he is in custody in violation of the U.S. Constitution, laws or treaties of the United States. Instead, Petitioner merely claims that he "is not a threat to myself of others so legally they cannot keep me. I am 67 years old. I have not had one incident in 25 years of incarceration. It is medical malpractice to keep my incarcerated." ECF No. 1 at 2. This is insufficient to state a cognizable claim on federal habeas.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish

to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

               (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D) (West Supp. 2002). While the statute of limitations does not run while a properly filed state habeas corpus petition is pending, *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## PETITION MAY BE SUCCESSIVE

In addition, the Court notes that this is not the first time Petitioner has attempted to challenge his custody in Patton State Hospital via federal petition for writ of habeas corpus. On December 30, 2016, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 3:16-cv-3127. *See* Pet. *Sundberg v Oreol,* Civ. Case No. 3:16-cv3127-WQH-AGS (S.D. Cal.), ECF No. 1. In that petition, Petitioner challenged his detention at Patton State Hospital as well. *See id.* at 1–2. On March 28, 2019, this Court dismissed the petition because it had been filed after the expiration of the one-year statute of limitations. *See* Order, *Sundberg v. Oreol*, 16cv1372-WQH-AGS, ECF No. 62 (S.D. Cal. Mar. 28, 2019). Petitioner appealed that determination and on May 1, 2020, the Ninth Circuit Court of Appeals affirmed this Court's decision. *See* Order, *Sundberg v. Oreol*, No. 19-55371 (9th Cir. May 1, 2020).

While not entirely clear from the face of the instant Petition, it appears Petitioner seeking to challenge the sentence imposed as a result the same conviction he challenged in his prior federal habeas petition. To do so, he must obtain an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). A successive application is permissible "only if it rests on a new rule of constitutional law, facts that

were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's application to proceed in forma pauperis and **DISMISSES** this action without prejudice because Petitioner has failed to state a cognizable federal claim and the Petition appears to be successive. To have this case reopened, Petitioner must, **no later than January 15, 2023**, file a First Amended Petition that cures the pleading deficiencies set forth above. *For Petitioner's convenience, a blank First Amended Petition form and a blank Ninth Circuit Application for Leave to File Second or Successive Petition form are included with this Order.*

**IT IS SO ORDERED.**

Dated:  December 5, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge