# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY FRITHIOF SUNDBERG,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>JANINE WALLACE, Warden, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.  3:22-cv-1897-CAB-BLM<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

On November 30, 2022, Petitioner, currently in custody at Patton State Hospital after pleading guilty by reason of insanity, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On December 5, 2022, the Court granted Petitioner's request to proceed *in forma pauperis* but dismissed the Petition for failure to state a cognizable claim. ECF No. 4. The Court also noted that, while it was not entirely clear, it appeared Petitioner had previously challenged his detention under § 2254. *Id.* The Court gave Petitioner leave to file an amended petition and, after an extension of time, he did so on January 11, 2023. *See* ECF No. 8. For the reasons discussed below, this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A).

### PETITION BARRED BY GATEKEEPER PROVISION

As the Court noted in its previous dismissal order, this is not the first time Petitioner has attempted to challenge his custody in Patton State Hospital via federal petition for writ

of habeas corpus. On December 30, 2016, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 3:16-cv-3127. *See* Pet. *Sundberg v Oreol,* Civ. Case No. 3:16-cv-3127-WQH-AGS (S.D. Cal.), ECF No. 1. In that petition, Petitioner challenged his detention at Patton State Hospital as well. *See id.* at 1–2. On March 28, 2019, this Court dismissed the petition because it had been filed after the expiration of the one-year statute of limitations. *See* Order, *Sundberg v. Oreol*, 16cv1372-WQH-AGS, ECF No. 62 (S.D. Cal. Mar. 28, 2019). Petitioner appealed that determination and on May 1, 2020, the Ninth Circuit Court of Appeals affirmed this Court's decision. *See* Order, *Sundberg v. Oreol*, No. 19-55371 (9th Cir. May 1, 2020).

It is now clear Petitioner seeking to challenge the sentence imposed as a result the same conviction he challenged in his prior federal habeas petition. To do so, he must obtain an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition).[1] A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his

---

[1] It appears Petitioner submitted an Application for Permission to File a Second or Successive Habeas Corpus Petition with the United States Court of Appeals for the Ninth Circuit on December 19, 2022. That application is currently pending. *See Sundberg v. Oreol*, No. 22-2048 (9th Cir. Dec. 19. 2022), ECF No. 8 at 9.

Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and reasonable jurists would not find debatable this Court's assessment of his claims, the Court **DENIES** a certificate of appealability. *See* 28 U.S.C. § 2253(c); *see also* Rules Governing § 2254 Cases, Rule 11(a) (requiring the district court that issues an order denying a habeas petition to either grant or deny a certificate of appealability).

**IT IS SO ORDERED**.

Dated: January 17, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge